# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE F. LYNCH,

        Plaintiff,

v.                                                                         Case No. 09-C-994

AIR TRANSPORT, DISTRICT 143 OF THE
INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, AFL-CIO,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Plaintiff Bruce Lynch brought this action against his former union, International Association of Machinists District Lodge 143 ("IAM" or "Union"), alleging, *inter alia*, that it failed to properly process his grievances arising out of his discharge from Northwest Airlines. Presently before the Court is Lynch's motion to compel a response to, and production of documents associated with, Interrogatory No. 21 which seeks information on published representations IAM made to union members regarding the nature of IAM's representation of employees during the grievance process. (Dkt. 37.) For the reasons detailed herein Lynch's motion to compel will be denied.

## BACKGROUND

Lynch worked for Northwest Airlines from 1978 to 2007 and was a member of IAM. He was disqualified from employment as a Customer Service Agent ("CSA") at Austin Straubel Airport in Green Bay, Wisconsin following an incident on November 15, 2007 in which he allegedly had

a security failure while working a flight for Compass Airlines, a subsidiary of Northwest, which allowed a TSA agent to gain unauthorized access to the flight. He then got into an altercation with and allegedly threatened a TSA Agent which led to police being called. As a result, Compass notified Northwest that it was permanently banning Lynch from working on its flights. Because CSAs at Austin Straubel were required to service Compass flights as part of their normal duties, this meant that Lynch was no longer able to perform those duties at Austin Straubel or any other airport at which Northwest worked Compass flights or handled Compass passengers. (Decl. of Paul Knupp III, Ex. B, Doc. 33-2.) Lynch challenged his disqualification by filing grievances against Northwest under the IAM collective bargaining agreement. Northwest denied his grievances in early 2008, and IAM appealed the denials to arbitration.

With no income and unable to pay his bills, Lynch retired (Lynch claims he was constructively discharged) in February 2008. In November 2008, Lynch filed suit in state court against Northwest, Compass Airlines and his supervisor, Randy Bialcik, alleging breach of contract and a civil conspiracy involving those defendants and TSA. That case was removed to this Court but remanded to state court for lack of jurisdiction where it ultimately was settled in April 2010. In the meantime, in February of 2009, IAM notified Lynch that it would not be pursuing arbitration of his grievances against Northwest since he had retired. Lynch then filed the present lawsuit alleging that the IAM violated its duty of fair representation by failing to pursue his grievances at arbitration notwithstanding his retirement.

Lynch alleges that IAM breached its duty to diligently pursue his grievances, first by stalling the process on the purported grounds that it was trying to get him a position in Minneapolis, Minnesota, and then dropping the grievance altogether after he was forced to retire. He challenges

2

IAM's claim that its decision not to pursue Lynch's grievance after he retired was in accordance with its usual practice. In an attempt to refute this purported justification for its action, Lynch sought discovery of "each publication, advertisement, or marketing document created or distributed by IAM that describes the nature of representation the IAM provides employees during the grievance process between calendar years 2007 to present." (Interrogatory No. 21, Pl. Br. in Supp., Dkt. 38, at 2). It is in that context that the current dispute arises.

The Union objected to the Interrogatory as "overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome." (*Id.*) In support of his motion to compel, Lynch now argues that he needs the requested discovery "to further explain the duty [of fair representation] and prove exactly what the Union had promised to do for its members in this regard" because "the law concerning the duty of fair representation is not well defined". (*Id.*)

## ANALYSIS

Rule 33(a) of the Federal Rules of Civil Procedure provides that parties may serve interrogatories on other parties, and that such interrogatories may relate to any matter that may be inquired into under Rule 26(b). Under Rule 26(b)(1) parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense". The information sought need not itself be admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

As a starting point, Lynch's motion to compel will be denied because it is not reasonably calculated to lead to the discovery of admissible evidence. A union's duty of fair representation in the grievance context is a settled matter of federal law. *See See Steelworkers v. Rawson,* 495 U.S. 362 (1990); *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554 (1976); *Vaca v. Sipes,* 386 U.S. 171

3

(1967); *Garcia v. Zenith Elecs. Corp.,* 58 F.3d 1171 (7th Cir. 1995). The IAM marketing materials sought by Lynch will not change the legal standard that applies in this case. Nor will this Court consider the IAM's use of marketing materials when the Court crafts jury instructions on the union's duty of fair representation. Lynch has failed to show a sufficient connection between the requested documents and his claims to warrant production. He does not allege that he ever received or relied on any communications from IAM regarding handling of grievances. And he does not suggest that he was somehow harmed by his reliance on IAM materials describing how the union handled grievances.

Plaintiff's motion to compel will be also denied because his discovery request is overly broad both in time and in scope. The request seeks IAM materials from a four year period (2007 to present) however Plaintiff retired in April of 2008 and his grievance was withdrawn in February of 2009, making materials from at least 2009 to present wholly irrelevant. Lynch has no authority to support his request for copies of representations IAM made to other employees *after* his grievance was withdrawn. A request for such "after the fact" representations by IAM is not reasonably calculated to lead to admissible evidence.

Lynch's discovery request is also overboard in scope. As noted above Lynch does not claim that he personally ever read or received any documents from IAM regarding the Union's representation practices at grievance hearings. Rather Lynch seeks documents distributed to some 16,000 other unionized employees. Such information is unrelated to the issue in Plaintiff's federal duty of fair representation claim: whether IAM's actions were "arbitrary, discriminatory, or in bad faith" in handling *his* grievance. *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 67 (1991). The finder of fact will be required to look at the merits of Lynch's individual grievances. *See Vaca,* 386

U.S. at 194; *Neal v. Newspaper Holdings, Inc.,* 349 F.3d 363, 369 (7th Cir. 2003); *Nemsky v. Conoco Phillips Co.,* 574 F.3d 859, 866 (7th Cir. 2009). Here Lynch's individual grievances against Northwest Airlines are not related to general communications from the IAM to other employees.

Materials IAM provided to other employees regarding grievance representation are also not relevant because Lynch has not shown or alleged that other employees were comparable to Lynch. *See Balderston v. Fairbanks Morse Engine Div. of Coltec Industries,* 328 F.3d 309 (7th Cir. 2003) (affirming district court's decision to limit the scope of plaintiffs' discovery request to workers who were similarly situated to the plaintiff); *Gehring v. Case Corp.,* 43 F.3d 340, 342 (7th Cir. 1994) (noting that, when requesting discovery, the "other employees' circumstances [must be] close enough to [plaintiff]'s to make comparisons productive.") Lynch has made no such representation and has not so limited his discovery request. In sum Lynch's discovery request is overboard in both time and scope because it seeks production of *all* IAM marketing materials related to grievance representations that were created or distributed from 2007 to present.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to compel, Dkt. [37], is **DENIED**.

Dated this    22nd    day of March, 2011.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge